IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LSCG FUND 19, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-308 (MTT) |
| OWEN PAINT & BODY, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the Court on the Plaintiff's motion for default judgment. (Doc. 5). For the following reasons, the motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Owen Paint & Body ("Owen Paint") executed a promissory note on March 3, 2009 in favor of BB&T in the amount of $153,621.00 ("Note-1")[1]. (Docs. 1 at ¶ 8; 1-1). Defendant Ferrell Owen ("Owen") absolutely and unconditionally guaranteed payment of Owen Paint's then-existing or thereafter arising "notes, drafts, debts, obligations and liabilities" to BB&T via a guaranty agreement dated March 25, 2009. (Docs. 1 at ¶ 9; 1-2). The Defendants defaulted on Note-1 and the guaranty agreement by failing to make payments when due. (Doc. 1 at ¶ 10).

Owen Paint also executed a promissory note on March 16, 2010 in favor of BB&T in the amount of $25,000.00 ("Note-3"). (Docs. 1 at ¶ 17; 1-3). Pursuant to a modification agreement dated June 13, 2011, the maturity date on this note was extended to September 13, 2011. (Docs. 1 at ¶ 18; 1-4). Owen executed another

---
[1] The numbering of the notes is based on the numbers at the top of the documents.

guaranty agreement dated March 16, 2010 whereby he absolutely and unconditionally guaranteed payment of Owen Paint's then-existing or thereafter arising "notes, drafts, debts, obligations and liabilities" to BB&T.  (Docs. 1 at ¶ 19; 1-5).  The Defendants defaulted on Note-3 and the guaranty agreement by failing to make payments when due.  (Doc. 1 at ¶ 20).

The complaint informs the Defendants that the amount of principal and interest due on both notes is accelerated and immediately due and payable.[2]  (Doc. 1 at ¶¶ 12, 22).  The complaint further informs the Defendants that, pursuant to O.C.G.A. § 13-1-11, the lender will enforce to provisions in Note-1 and Note-3 regarding payment of attorneys' fees unless the total amount of the debt is paid within 10 days.  (Doc. 1 at ¶¶ 12, 22).

The Plaintiff filed suit against the Defendants on August 27, 3013, seeking to recover amounts due pursuant to the promissory notes and guaranty agreements.  (Doc. 1).  On or about September 24, 2013, LSCG Fund 19, LLC acquired the notes at issue from BB&T.  (Doc. 7-1 at ¶ 4).[3]  The Defendants both waived service of process on September 25, 2013.  (Doc. 2).  More than 60 days have elapsed since the Defendants waived service, and they have failed to plead or otherwise defend the suit.  *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).  On December 18, 2013, the Clerk entered default against both Defendants.  The Plaintiff now moves the Court for an entry of default judgment.  The Defendants have not responded to the motion.

---

[2] Both Note-1 and Note-3 provide: "The failure to pay any part of the principal or interest when due on this Note … shall be a material default hereunder and this Note and other debts due the Bank by any one or more of undersigned shall immediately become due and payable without notice, at the option of the Bank." (Docs. 1-1 at 3; 1-3 at 3).

[3] The Court previously granted the Plaintiff's motion to substitute LSCG Fund 19 as the Plaintiff in this action.  (Doc. 3).

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also* Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, the defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] An entry of default against the defendant does not in and of itself establish that the plaintiff is entitled to a default judgment, however. The defendant is not deemed to admit facts that are not well-pleaded or admit conclusions of law. *Id.* "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). The defendant is not deemed to admit the plaintiff's

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

allegations relating to the amount of damages.  *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); see also *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters … .").

The allegations in the complaint establish the Court has jurisdiction based on diversity of citizenship.  (Doc. 1 at ¶¶ 1-3, 13, 14, 23, 24).  See also 28 U.S.C. § 1332.  The complaint also establishes the Court has personal jurisdiction over both Defendants.  (Doc. 1 at ¶¶ 2, 3).

### A. Liability for Breach of Promissory Notes and Guaranties

As discussed above, the Plaintiff in this case is seeking to recover sums due pursuant to two promissory notes and guaranties.  Pursuant to Georgia law, "[w]here … the record shows that the promissory note and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law [is] established, and the burden shift[s] to [the defendants] to produce or point to evidence in the record which establishe[s] an affirmative defense."  *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012).  See also *Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006).  The Plaintiff has shown the Defendants are in default on Note-1, Note-3, and the guaranty agreements based on the allegations in the complaint that are deemed admitted.  Thus, the Defendants' liability is established.

### B. Damages

No hearing is necessary because there is sufficient evidence on the record for the Court to determine the amount of damages.  The Plaintiff has submitted the affidavit

of Adam Siddiqi, an asset manager for the servicer of LSCG Fund 19 and the custodian/keeper of records for LSCG Fund 19 with respect to this matter. (Doc. 7-1).[5] Payment histories and loan screens for Note-1 and Note-3 are also attached to Siddiqi's affidavit. The evidence submitted shows the Defendants are liable for $167,148.99 on Note-1[6] and $29,314.19 on Note-3[7] as of the date of this Order.

### C. Attorneys' Fees

The Court can also determine attorneys' fees without an evidentiary hearing because there is a statutory formula for their calculation. Note-1 and Note-3 both provide that if the notes are placed with an attorney for collection, "the undersigned agrees to pay, in addition to principal and interest, all costs of collection and reasonable attorneys' fees." (Docs. 1-1 at 4; 1-3 at 4). Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." If the note provides for "reasonable attorney's fees" but does not specify a percentage of the principal and interest, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the

---

[5] The Court previously ordered the Plaintiff to supplement the record with an affidavit setting forth the amount of damages and the basis for their calculation. (Doc. 6).

[6] $139,368.33 – unpaid principal
$19,569.90 – accrued interest as of December 30, 2013
$4,377.96 – bank fees
$3,832.80 – $31.94 per diem interest from December 30, 2013 to April 29, 2014. (Doc. 7-1 at ¶ 8).

[7] $25,000.00 – unpaid principal
$3,620.68 – accrued interest as of December 30, 2013
$5.91 – bank fees
$687.60 – $5.73 per diem interest from December 30, 2013 to April 29, 2014. (Doc. 7-1 at ¶ 10).

amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2).  A party seeking to collect attorneys' fees as part of this statute must give the debtor written notice of its intent, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees. O.C.G.A. § 13-1-11(a)(3).  If all these requirements are met, the provision for attorneys' fees in the note is enforceable.  *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The complaint, notes, and guaranties show the above requirements have been met.  Accordingly, the Court finds the Defendants are liable to the Plaintiff for attorneys' fees in the amount of $16,302.10 for Note-1 and $2,955.83 for Note-3, which is 15% of the first $500.00 of the outstanding principal and interest, plus 10% of the remaining principal and interest.

### III. CONCLUSION

The Plaintiff's motion for default judgment (Doc. 5) is **GRANTED**.  The Defendants are jointly and severally liable for $215,721.11, which includes principal due on the loans, accrued interest to date, bank fees, and attorneys' fees.

**SO ORDERED**, this 29th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT